THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEIDRA MUELLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | CASE NO. C19-5113-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion for Attorney Fees (Dkt. No. 19), supporting exhibits (Dkt. No. 20), and Defendant's Response in non-opposition (Dkt. No. 22). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

Plaintiff's counsel moves for attorney fees pursuant both to fee agreements with Ms. Mueller and 42 U.S.C. § 406(b). (Dkt. No. 19.) Defendant does not oppose the request. (Dkt. No. 22.) In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court prescribed the method for calculating a "reasonable" 42 U.S.C. § 406(b) attorney fee. *See also Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (following *Gisbrecht*). District courts should look first to any contingency fee established by the litigant and her attorney, and then test it for reasonableness. *Gisbrecht*, 535 at 808. Here, Ms. Mueller and her attorney, Ms. Laffoon, had a contingency fee agreement such that Mr. Friedman would receive 25 percent of past-due benefits. (Dkt. No. 20-

2.) In order to determine whether that contingency fee arrangement is reasonable, the Court evaluates whether Ms. Laffoon was responsible for any delay (thus increasing the amount of past-due benefits awarded), whether the benefits are large compared to the amount of time spent on the case, and whether the character of the representation and the results achieved warrant a reduction. *See Crawford*, 586 F.3d at 1151. The Court finds no delay on Ms. Laffoon's part, nor that a reduction is warranted based on the character of the representation. While the requested award, $16,092.75, is large, it is reasonable in light of the time expended, the contingent nature of the case, counsel's experience, and the results obtained.

For the foregoing reasons, Plaintiff's unopposed motion for attorney fees (Dkt. No. 19) is GRANTED. Plaintiff's Counsel, Ms. Laffoon, is directed to pay Plaintiff the amount of $8,550.57, the attorney's fees Defendant paid under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

DATED this 1st day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE